NATHAN WOODEN and others v. ROBERT MORRIS and wife.

The agreement of a feme covert, with the assent of her husband, for the sale of her real estate, is absolutely void at law, and courts of equity never enforce such a contract against her.

Where husband and wife file a joint demurrer, it may be overruled as to the

[Wooden et al. v. Morris and wife.]

husband and sustained as to the wife. It is not necessary that she put in a separate demurrer.

BILL for specific performance, filed June 12th, 1833. Demurrer by Morris and wife, the defendants, to the bill; assigning, among others, for cause of demurrer, that "it appears by the said bill of complaint, that the complainants seek to obtain the specific performance of an article of agreement, by the wife of the defendant, R. M., for the conveyance of the right of the said S. M. to certain real estate which descended to her from her father, or which was devised to her by her father, E. W., in the said bill named, and yet the said complainants do not show in and by their said bill, that the said S. M. acknowledged, on a private examination apart from her husband, before an officer authorized to take such acknowledgment, that she signed, sealed and delivered the said article of agreement as her voluntary act and deed, without any fear, threat or compulsion of her said husband."

The cause was heard upon the demurrer. The chancellor having been of counsel with one of the parties, called in George K. Drake, esquire, one of the masters of the court, to advise with him, &c. The demurrer was argued before the master.

*Boice,* for complainants.

*W. Halsted,* for defendants.

THE MASTER. The bill in this case was filed to procure the specific execution of a contract alleged to have been entered into by the defendants, together with other persons, under their hands and seals, to convey to the complainants certain lands in which the wife of Robert Morris had an estate, by devise, or descent, from her father. The complainants allege performance of the contract on their part, and also by all the other parties to the contract except the defendants. They, the defendants, have demurred to the bill, and rely especially on this ground, that Sarah Morris, the defendant, has not acknowledged on a private examination,

apart from her husband, before a competent officer, that she signed, sealed and delivered the said agreement freely, &c.

This ground of demurrer, so far as respects Sarah Morris, appears to be well taken, and should therefore be allowed. " The agreement of a feme covert, with the assent of her husband, for the sale of her real estate, is absolutely void at law, and the courts of equity never enforce such a contract against her :" 2 *Kent's Com.* 141 ; 5 *Day,* 496 ; 6 *Wendell,* 13 ; 2 *Jacob and Walker,* 412 ; 12 *Mad. Chan. Rep.* 261. And were this not the case, married women would derive but little protection from our act of assembly : *Rev. Laws,* 458, sec. 4.

But for aught that appears, the complainants have an equitable claim on the husband, and therefore he should answer ; and, as respects him, the demurrer should be overruled.

A question was raised by the counsel for the complainants, in relation to the effect of the husband and wife having joined in a demurrer which is not good as to both. It is suggested that, in such case, it is bad as to both ; and that, under such circumstances, they should not have joined, but that she should have put in her demurrer by her next friend. But I can see no good reason why the demurrer may not be overruled as to the husband, and sustained as to the wife ; and such was the decision in the case of the *Mayor, &c. of London* v. *Levy,* 8 *Vesey, jun.* 404.

If the complainants should see cause to amend their bill, in this stage of the proceedings, they should be at liberty to do so on payment of costs.

Order accordingly.